■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE LAVERN WOOLSON, Appellant.— Judgment unanimously affirmed. Memorandum: In affirming the judgment of conviction, we write expressly to disapprove an improper question asked by the District Attorney and his lack of candor with respect to it upon oral argument in this court. The District Attorney asked the defendant upon cross-examination if he recollected "being arrested" on a certain date in the City of Oswego. To ask a person charged with a crime whether he has been previously arrested is incompetent and irrelevant and tends to be prejudicial (*People* v. *Crapo,* 76 N. Y. 288, 290–291). Further, the District Attorney's response in this court with respect to the reason for such question is refuted by the trial record which demonstrates that the District Attorney wanted an opportunity to produce witnesses, present in the trial court, to the happening of an alleged similar crime committed by this defendant in Oswego on the date in question for which the defendant was indicted. These statements and the prosecutor's offer of proof in this connection were made outside the jury's presence. To have admitted into evidence that another indictment for a similar crime was pending against this defendant would have been gross error (*People* v. *Rivera,* 26 N Y 2d 304, 307). We have concluded, however, that such question although improper was not so prejudicial under the circumstances revealed in this record to require a reversal of the judgment of conviction and a new trial. (Appeal from judgment of Oswego County Court convicting defendant of burglary, second degree and other charges.) Present — Marsh, J. P., Witmer, Cardamone, Simons and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CURTIS THOMAS, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Judgment unanimously affirmed. Memorandum: On this appeal from a judgment dismissing his writ of habeas corpus relator raises the same issues as were raised on his direct appeal from the judgment of conviction which he seeks to avoid. We affirmed the conviction (37 A D 2d 694). This court found that there was sufficient evidence of assistance of another person in commission of the robbery to sustain relator's conviction. A writ of habeas corpus may not be utilized to review again the errors already passed on in an earlier appeal (*People ex rel. Keitt* v. *McMann,* 18 N Y 2d 257, 262). The writ was, therefore, properly dismissed, although County Court in dismissing it expressed disagreement with our decision. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Marsh, J. P., Witmer, Cardamone, Simons and Henry, JJ.