criteria shall apply: * * * (ii) Sentence upon such prior conviction must have been imposed before commission of the present felony". Since the sentence for the predicate felony postdates the instant offense, it may not be used as the basis for finding that defendant is a second-felony offender for the purpose of the instant sentence. The District Attorney concedes the invalidity of the instant sentence and that defendant must be resentenced. Cohalan, Acting P. J., Margett, Christ, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD HERRING, Appellant.—After a previous determination by this court affirming a judgment of the Supreme Court, Richmond County, rendered June 15, 1972, convicting defendant of attempted robbery in the third degree, after a nonjury trial, and imposing sentence, the Supreme Court of the United States vacated said affirmance and remanded the case to this court *(People v Herring, 43 AD2d 816, vacated sub nom. Herring v New York, 422 US 853, 95 S Ct 2550).* The Supreme Court of the United States held that CPL 320.20 (subd 3, par [c]) is unconstitutional. We now reverse the judgment of conviction, on the law, and order a new trial, in view of said holding of the Supreme Court of the United States. Gulotta, P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHAM LEWIS, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County, imposed December 18, 1974, upon his conviction of attempted grand larceny in the third degree, on his plea of guilty, the sentence being a one-year prison term to be served consecutively to an indeterminate sentence previously imposed in the Supreme Court, Bronx County. Sentence modified, on the law, by changing to concurrent the provision that it is consecutive with the sentence imposed in Bronx County. As so modified, sentence affirmed. Section 70.35 of the Penal Law provides: "The service of an indeterminate sentence of imprisonment shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate sentence was imposed." Approximately one month prior to the imposition of the instant sentence, defendant was sentenced in Bronx County to an indeterminate prison term of a maximum of three years. The offense which formed the basis of the instant sentence occurred prior to the imposition of the indeterminate sentence. Accordingly, the instant sentence should not have been imposed to run consecutively with the Bronx County sentence. Cohalan, Acting P. J., Margett, Christ, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MADDALENA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 17, 1972, convicting him of criminal possession of a dangerous drug in the second degree, upon a jury verdict, and imposing sentence. The appeal also brings up for review a decision of the same court, made October 19, 1971, which, after a hearing, denied defendant's motion to suppress evidence seized pursuant to a search warrant. Judgment affirmed. The discrepancy between the police officer's affidavit in support of an application for the issuance of a search warrant and his testimony at the suppression hearing was too slight to affect the existence of probable cause for the issuance of the warrant; the trial court properly denied the motion to suppress the physical evidence. Defendant received a fair trial and the evidence amply supports the jury's verdict. The sentence imposed upon defendant was not excessive. Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.