■ In the Matter of CARLTON WHITTAKER, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Appellant.— Judgment and order unanimously reversed and petition dismissed. Memorandum: Petitioner is serving a four-year indeterminate sentence in Attica Correctional Facility upon a plea of guilty to attempted burglary, third degree. Subsequent to the imposition of such sentence and on the same day, October 19, 1973, petitioner was given a one-year definite term sentence on a misdemeanor conviction for criminal trespass, such sentence to run consecutively to the previously imposed felony sentence. The offense for which the misdemeanor sentence was imposed was committed prior to the imposition of the indeterminate felony sentence. Respondent appeals from a judgment in an article 78 proceeding which ordered that the two sentences merge, that the misdemeanor consecutive sentence is not to be considered and that the commitment issued therefor should be returned to the county from which the commitment was issued. While section 70.25 of the Penal Law provides that when multiple sentences of imprisonment are imposed at the same time or a person who is subject to an undischarged term of imprisonment is sentenced to an additional term, such sentences shall run either concurrently or consecutively as the court directs at the time of service, such section must be read with section 70.35 of the Penal Law which provides that the service of an indeterminate sentence shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate sentence was imposed. Petitioner urges that under section 70.35, where the offense for which the definite sentence was imposed was committed prior to the imposition of the indeterminate sentence, the definite and indeterminate sentences merge. We do not so construe the statute. By its express terms, it is the service of the indeterminate sentence that satisfies any definite sentence. It not appearing that the indeterminate sentence has been served there is presently no merger of the two sentences. Such construction is supported in Hechtman's Practice Commentaries (McKinney's Cons. Laws of NY, Book 39, Penal Law, § 70.35) wherein he states "the definite sentence is satisfied only where the defendant actually serves the indeterminate sentence. If the indeterminate sentence is vacated, the definite sentence must be served". Such would appear to be the clear intent of the statute. (Appeal from judgment of

Supreme Court, Wyoming County, granting petition in article 78 proceeding.) Present—Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.