■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACK McGUIRE, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Relator is confined in Attica Correctional Facility, serving concurrent indeterminate sentences of three to six years and two to four years, respectively, upon his pleas of guilty to grand larceny in the second degree and grand larceny in the third degree. He admitted to a previous felony conviction and was sentenced as a second felony offender. He also pleaded guilty to petit larceny and was given a one-year definite sentence to be served consecutively to the felony sentences. No appeal was taken from the judgment of conviction. Subsequently, relator brought a proceeding pursuant to CPL article 440 in the court in which the judgment was entered, seeking to set

aside the sentences. He contended then, as he does in this habeas corpus proceeding, that he was unlawfully sentenced as a second felony offender and that the definite sentence imposed on his conviction for petit larceny merged with the previously imposed felony sentences. The sentencing court denied relator's petition "in all respects" and no appeal was taken therefrom. Relator then brought this habeas corpus proceeding which was dismissed without a hearing, on the ground that the subject matter of relator's petition was previously adjudicated in the CPL 440 proceeding. Relator's only claim on this appeal is that the denial of his petition under CPL article 440 was not upon the merits. We do not agree. The sentencing court had jurisdiction to entertain the proceeding (CPL 440.20, subd 1; Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.20, p 260) and the decision rendered thereon dealt precisely with the issues now raised in relator's petition for a writ. Relator will not now be permitted to raise issues which have been litigated and decided in a prior proceeding *(People ex rel. Thomas v Mancusi,* 42 AD2d 824). Furthermore, by his unexplained failure to appeal from either the judgment of conviction or the determination of his CPL article 440 proceeding, relator has failed to preserve those issues for review by this court. "Departure from traditional orderly proceedings, such as appeal, should be permitted only when dictated * * * by reason of practicality and necessity." *(People ex rel. Keitt v McMann,* 18 NY2d 257, 262.) In any event, there is no merit to his claim that retrospective application of section 70.06 of the Penal Law, in determining a predicate felony, is statutorily prohibited. Also without basis is his argument that the definite sentence imposed upon his conviction for petit larceny, has merged with the indeterminate concurrent sentences imposed upon his felony convictions. Such merger will only occur upon the service of relator's indeterminate concurrent sentences (Penal Law, § 70.35; *Matter of Whittaker v Smith,* 51 AD2d 858). (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.