## SECOND DEPARTMENT, DECEMBER, 1976

### (December 1, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELORIS MILLER, Appellant.—Appeal by defendant, as limited by her motion, from a sentence of the Supreme Court, Queens County, imposed August 19, 1975, upon her conviction of grand larceny in the third degree, on a plea of guilty, the sentence being a definite term of one year's imprisonment, to be served consecutively to any indeterminate sentence which she was then serving. Sentence modified, on the law, by deleting therefrom the provision that it shall be served consecutively to any indeterminate sentence which the defendant was then serving, and by substituting therefor a provision that the sentence shall be served concurrently with an indeterminate sentence of up to three years' imprisonment which was imposed on the defendant on June 4, 1975. As so modified, sentence affirmed. No fact questions were presented for review. The defendant committed the acts for which she was sentenced in this case in October, 1974. Thereafter, on June 4, 1975, she was sentenced for an unrelated crime to an indeterminate term of imprisonment with a maximum of three years, from which she has been paroled. The service of the definite term of imprisonment, imposed in this case on August 19, 1975, was satisfied by the service of the indeterminate sentence, since the crime for which she received the definite term had been committed prior to the time that the indeterminate sentence had been imposed (see Penal Law, § 70.35; *People v Lewis,* 49 AD2d 952). We note, accordingly, that the defendant is entitled to be released, subject, of course, to parole under the indeterminate sentence. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.

### (December 6, 1976)

■ BUCKFIELD CORPORATION, Appellant, v WESTCHESTER FEDERAL SAVINGS AND LOAN, Respondent.—In an action, *inter alia,* to rescind a certain "modification agreement", plaintiff appeals from a judgment of the Supreme Court, Westchester County, dated December 11, 1975, which, after a nonjury trial, is in favor of defendant and against it. Judgment affirmed, with costs, on the opinion of Mr. Justice Trainor at Special Term. Hopkins, Acting P. J., Cohalan, Shapiro and Suozzi, JJ., concur.