■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARLINGTON FINCH, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered June 25, 1975, upon a verdict convicting defendant on one count of criminal possession of a controlled substance in the second degree and two counts of criminal possession of a controlled substance in the fifth degree. On November 5, 1974, defendant allegedly sold 1,000 spots of LSD to Trooper David Christler, an undercover investigator for the New York State Police, and was paid $700 therefor in marked currency. That same day a search warrant was issued which resulted in the search of defendant's residence and the seizure therein of most of the marked bills, as well as quantities of LSD, cocaine and marijuana. Following the denial of defendant's motion to suppress the items seized and certain inculpatory statements made by him to the police, a jury trial was conducted at which defendant was convicted on one count of criminal possession of a controlled substance in the second degree (Penal Law, § 220.18) and two counts of criminal possession of a controlled substance in the fifth degree (Penal Law, § 220.09). As a result, he was sentenced to concurrent indeterminate terms of impris-

onment of eight and one-half years to life on the second degree possession conviction and two terms not to exceed 15 years with the minimums to be fixed by the State Board of Parole on the fifth degree possession convictions. This appeal ensued. Initially, defendant argues that his pretrial motion to suppress evidence illegally seized at his residence was incorrectly denied since the underlying affidavit of Trooper Christler was perjurious. We cannot agree. Though admittedly drafted imprecisely and containing factual statements intermingled with conclusory material, the affidavit in question here agrees in substance with the testimony of Trooper Christler at the suppression hearing (cf. *People v Maddalena,* 49 AD2d 952) and sets forth information regarding the trooper's investigation and observations which clearly authorized the issuance of the warrant. Moreover, any seeming imperfections in the language of the affidavit can be readily explained by the exigencies of the situation wherein it was hurriedly drafted by a nonlawyer police officer while other officers waited to conduct a search of defendant's residence (cf. *United States v Harris,* 403 US 573; *United States v Ventresca,* 380 US 102; *People v Wolzer,* 41 AD2d 679). Defendant has not carried his burden (see *People v Alfinito,* 16 NY2d 181) of establishing that the affidavit was perjurious. Accordingly, the motion to suppress was properly denied. Similarly without merit is defendant's contention that his arrest was in violation of CPL 140.15 (subds 2, 4) and, therefore, unlawful. Defendant was arrested in his residence, and the arresting officer gained entry therein upon the pretext of investigating an earlier burglary and without announcing his real purpose of making the arrest. However, unlike the situation in *People v Mills* (31 AD2d 433, affd 26 NY2d 862) relied on by defendant, in this instance defendant was obviously aware of the presence of the police as he met them on his front porch and invited them inside. Further, he concedes that the police had proper cause for the arrest, and, under all of these circumstances, we find the arrest to be lawful and no violations of the pertinent subdivisions of CPL 140.15. Such being the case, defendant's request to suppress any evidence obtained as a result of his arrest must likewise be rejected. Defendant's remaining arguments are also unpersuasive. Concerning the three so-called "surprise" witnesses for the prosecution who were not disclosed in the bill of particulars, their testimony was either not damaging to defendant or received without objection or else the defense was offered extra time to prepare its cross-examination. Moreover, the alleged violation of defendant's attorney-client privilege and improper remarks by the prosecutor in his summation constituted, at most, harmless error in view of the overwhelming evidence of guilt and defense counsel's summation (cf. *People v Crimmins,* 36 NY2d 230; *People v De Christofaro,* 50 AD2d 994). As for the sentence imposed for the second degree possession conviction, it was within the statutory authorization for the class A-II felony (Penal Law, § 70.00, subd 2, par [a]; subd 3, par [a], cl [ii]) and no extraordinary circumstances warrant our disturbance thereof, particularly when the large quantity of LSD found in defendant's possession is considered *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.