◼ RANDY CARPENTER, Individually and as Parent and Natural Guardian of ROBERT L. CARPENTER, an Infant, Respondent, v JAMES CONWAY, Appellant, et al., Defendant. (And Two Third-Party Actions.)—Order unanimously affirmed without costs (see, Cronin v Chrosniak, 145 AD2d 905). (Appeal from order of Supreme Court, Onondaga County, Mordue, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.

◼ In the Matter of LORRAINE T. MAGGIO, Respondent, v BOARD OF EDUCATION OF THE LACKAWANNA CITY SCHOOL DISTRICT et al., Appellants.—Judgment unanimously affirmed without costs for reasons stated at Special Term, Forma, J. (Appeal from judgment of Supreme Court, Erie County, Forma, J.—art 78.) Present—Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS J. MOORE, Appellant.—Order unanimously affirmed. Memorandum: Except in certain enumerated cases not applicable here, Penal Law § 70.25 permits the court, when imposing multiple sentences, to direct that the sentences run either concurrently or consecutively. Thus, the court was not precluded from directing that defendant's definite sentence run consecutively with his indeterminate sentence. Penal Law § 70.25, however, must be read with Penal Law § 70.35. Defendant's definite sentence will be satisfied "only where the defendant actually serves the indeterminate sentence. If such sentence is vacated, the definite sentence must be served. No credit is granted against either sentence for time served under the other." (Comm'n Staff Notes to Proposed New York Penal Law § 30.35 [enacted as § 70.35] [1964 Special Pamph]; see also, People ex rel. McGuire v Smith, 54 AD2d 1066; Matter of Whittaker v Smith, 51 AD2d 858, appeal dismissed 41 NY2d 943.) (Appeal from order of Supreme Court, Erie County, Doyle, Jr., J.—CPL 440.20.) Present—Denman, J. P., Boomer, Pine and Davis, JJ.