■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD TORTORICE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of one count of sodomy in the second degree and six counts of endangering the welfare of a child, and was sentenced as a second felony offender to an indeterminate term of from three to six years on the sodomy conviction and to a concurrent definite term of nine months on one count of endangering the welfare of a child. On the remaining five counts of endangering the welfare of a child, he was sentenced to five nine-month definite terms, to be served consecutive to each other and to the indeterminate sentence. Defendant argues on appeal that, pursuant to an amendment to Penal Law § 70.35, his definite sentences must merge at the outset with his indeterminate sentence, contrary to our holding in *People v Moore* (147 AD2d 971). Although our holding in *Moore* is no longer valid, the amendment to Penal Law § 70.35 does not require any action by this Court. The Department of Correctional Services must calculate the period of incarceration in accordance with Penal Law § 70.35, but that statute does not restrict the court's ability to impose consecutive sentences *(see, e.g., People v Moore,* 61 NY2d 575, 578).

We have examined defendant's remaining arguments on appeal and find them to be without merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Sodomy, 2nd Degree.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.