■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. ROBINSON, Appellant. [601 NYS2d 125] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered July 25, 1991, convicting him of robbery in the third degree and unlawful imprisonment in the second degree, upon a jury verdict, and sentencing him to a determinate term of one year imprisonment for unlawful imprisonment in the second degree, to run consecutively to an indeterminate term of three and one-half to seven years imprisonment for robbery in the third degree.

Ordered that the judgment is modified, on the law, by deleting the provision that the terms of imprisonment shall run consecutively, and substituting therefor a provision that the terms of imprisonment shall run concurrently with one another; and as so modified, the judgment is affirmed.

The defendant contends that the court erred in denying his request for a justification charge. We disagree. Justification, as raised in the present case, would hold a person harmless from criminal liability for conduct which would otherwise constitute an offense when "[s]uch conduct is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue" (Penal Law § 35.05 [2]). There is no

reasonable view of the evidence that would bring the defendant's conduct within the scope of this section *(see, People v O'Neal,* 172 AD2d 217).

Contrary to the defendant's further contention, we find that the charge, when read as a whole, conveyed to the jury the People's burden of proving beyond a reasonable doubt each and every element of the crimes charged *(see,* CPL 300.10 [2]; *People v Hudson,* 168 AD2d 511). The inclusion of references to moral certainty in no way served to dilute the People's burden of proof *(see, People v Hudson, supra; see also, People v Fox,* 72 AD2d 146).

The defendant contends that the court improperly imposed consecutive sentences for the convictions of robbery in the third degree and unlawful imprisonment in the second degree, in violation of Penal Law § 70.35. We agree, and thus modify the judgment to provide that the terms of imprisonment shall run concurrently with one another *(see, People v Lewis,* 49 AD2d 952; *People v Miller,* 55 AD2d 596).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.