Dennis SIMPSON, Petitioner,

v.

C. ARTUZ, Superintendent, Green Haven Correctional Facility, and Robert Abrams, Attorney General of the State of New York, Respondents.

No. 94 Civ. 1862 (GLG).

United States District Court,
S.D. New York.

Aug. 16, 1994.

Dennis Simpson, pro se.

Jeanine Pirro, Dist. Atty. of Westchester County (Judith D. Schultz, Joseph M. Latino, of counsel), White Plains, NY, for respondents.

## OPINION

GOETTEL, District Judge.

Dennis Simpson has filed a petition for habeas corpus challenging his conviction in Westchester County Court on July 30, 1981, on a charge of criminal facilitation. Respondents argue that we lack jurisdiction to hear this case because Simpson's one-year sentence on his criminal facilitation conviction has expired, having been merged with a longer, indeterminate sentence Simpson received in a separate grand larceny proceeding in Westchester County Court. Respondents also argue that Simpson's claims are without merit. We do not reach the substantive arguments because, for the reasons which follow, we accept respondents' argument that we lack jurisdiction to hear this petition.

## FACTS

Petitioner and two co-defendants were involved in a kidnapping, robbery and rape which started in Stamford, Connecticut on October 23, 1979 and ended the next day in Mount Vernon, New York. In federal court, petitioner was convicted of kidnapping and sentenced to 30 years imprisonment. On June 11, 1981 petitioner was given a 3 1/2 to 7 year sentence in Westchester County Court for a grand larceny conviction. In a separate proceeding in Westchester County Court, petitioner was convicted of criminal facilitation in the fourth degree and on July 30, 1981 was sentenced to a definite term of imprisonment of one year. Both of petitioner's state sentences were to be served consecutively to the federal sentence. By operation of New York Penal Law § 70.35, petitioner's one-year determinate sentence was merged with and ran concurrent to the longer, indeterminate state sentence. Petitioner

began serving his state sentences on September 17, 1990. He is currently out on parole.

The Appellate Division affirmed Simpson's criminal facilitation conviction. *People v. Simpson,* 175 A.D.2d 851, 573 N.Y.S.2d 321 (2d Dep't), *lv. denied,* 79 N.Y.2d 832, 580 N.Y.S.2d 213, 588 N.E.2d 111 (1991). On March 17, 1994, the instant habeas petition was filed pursuant to 28 U.S.C. 2254.

### DISCUSSION

■ The federal district courts have jurisdiction to entertain habeas petitions only from persons who are *"in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). The Supreme Court has stated that this language requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (per curiam) (citing *Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968)). A habeas petitioner cannot be considered "in custody" under a conviction when the sentence imposed for the conviction has fully expired at the time the petition is filed. *See id.,* 490 U.S. at 491, 109 S.Ct. at 1925. (However, prisoners placed on parole are still considered "in custody," *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), so it is clear that petitioner was "in custody" under his indeterminate state sentence when he filed the instant petition.)

■ Pursuant to New York Penal Law § 70.35, petitioner's one year criminal facilitation sentence was merged with his indeterminate state sentence. Section 70.35 provides:

The service of an indeterminate sentence of imprisonment shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate sentence was imposed, except as provided in paragraph (b) of subdivision five of section 70.25 of this article [assaults committed by inmates of correctional facilities].... In any case where the indeterminate sentence is revoked or vacated, the person shall receive credit against the definite sentence for each day spent in the custody of the state department of correctional services.

N.Y. Penal Law § 70.35 (McKinney 1994).[1]

Respondents argue that under this provision, petitioner's one-year conviction for criminal facilitation had completely expired well before he filed the instant petition. Respondents do not cite any cases dealing directly with this issue, nor has our own research yielded anything on point. Nonetheless, respondents' argument has merit. In stating that state prisoners receive credit against their definite sentences for each day spent serving their indeterminate sentences, § 70.35 makes clear that if petitioner's indeterminate sentence had been revoked or vacated at any point after he had been in state prison for more than a year, his one year definite sentence would have fully expired. This crucial language was added by a 1989 amendment.

This obvious construction is supported by the practice commentaries for the amended § 70.35, which states:

The 1989 amendment requires that the inmate receive credit against the definite sentence for each day spent in the custody of the state department of correctional services. If the period in state custody is less than the definite sentence, the inmate is returned to the local county jail to com-

---

1. In New York, the longest authorized definite term of imprisonment is one year. *See* Practice Commentaries at 232, N.Y. Penal Law Article 70 (McKinney's 1987). The drafters' rationale for the merger provision was that there is

no sound reason to keep a person in a county correctional institution for a short term of imprisonment before transferring him to the more elaborate system of the state.... Similarly, the law should not force a person to

serve a definite sentence in a county institution, for a previously committed offense, when he is released from state prison. Having served a state prison sentence the offender should be allowed to make a fresh start. Staff Notes of the Commission on Revision of the Penal Law. Proposed New York Penal Law. McKinney's Spec.Pamph. (1964), p. 301 (quoted in Practice Commentaries, N.Y. Penal Law § 70.35 (McKinney's 1987)).

plete the balance of the definite sentence. On the other hand, as the memorandum in support of the legislation noted, "it seems unfair to require a person to return to a local correctional facility to serve a definite sentence after spending a greater amount of time in the State system."

Supplementary Practice Commentaries, N.Y. Penal Law § 70.35 (McKinney's 1994).

Thus, under Penal Law § 70.35 as amended in 1989, petitioner had fully satisfied his one year sentence for criminal facilitation at the moment that he finished his first year in the state prison. From that point on, he could not be considered "in custody" under that sentence.

However, if we were to apply § 70.35 as it existed before the 1989 amendment, it is equally clear that petitioner would be considered "in custody" under his definite sentence until the concurrent indeterminate sentence had been fully served. For example, the court in *People v. Moore*, 147 A.D.2d 971, 537 N.Y.S.2d 414 (4th Dep't 1989) declared that under the pre-amendment § 70.35 "[d]efendant's definite sentence will be satisfied 'only where the defendant actually serves the indeterminate sentence. If such sentence is vacated, the definite sentence must be served. No credit is granted against either sentence for time served under the other.'" *Id.*, 147 A.D.2d 971, 537 N.Y.S.2d at 415 (quoting Commission Staff Notes to Proposed New York Penal Law § 30.35, enacted as § 70.35); *accord People v. Miller*, 55 A.D.2d 596, 389 N.Y.S.2d 33 (2d Dep't 1976); *Whittaker v. Smith*, 51 A.D.2d 858, 379 N.Y.S.2d 573 (4th Dep't 1976), *appeal dismissed*, 41 N.Y.2d 943, 394 N.Y.S.2d 640, 363 N.E.2d 364 (1977).

The question thus arises whether we should apply the pre- or post–1989 version of § 70.35. Petitioner was given his state sentences before 1989, but he did not begin serving his state sentences until 1990. We think that if a prisoner in Simpson's position had had his indeterminate sentence revoked or vacated, he would have been given credit against his definite sentence, even though he had been sentenced prior to 1989. The legislative history of the 1989 amendment indicates that the lawmakers were concerned with remedying what they considered an un-

fair situation. We think that the remedial spirit of the legislation would lead a court to apply the amended language in a situation such as Simpson's. Accordingly, we conclude that petitioner was not "in custody" under the criminal facilitation conviction when he filed the instant petition.

■ Federal courts may still entertain habeas petitions which were filed when petitioner was not "in custody" under the conviction at issue, if the petition can be construed as an attack on a different sentence under which the petitioner is still "in custody," on the grounds that it was enhanced by the expired conviction. *See Maleng*, 490 U.S. at 493–94, 109 S.Ct. at 1926–27; *Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir.1990), *cert. denied*, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991). However, Simpson does not make such a claim, and indeed cannot make such a claim, because his indeterminate grand larceny sentence was imposed *before* he was convicted of criminal facilitation.

In conclusion, we lack jurisdiction to hear Simpson's habeas petition attacking his sentence for criminal facilitation, because petitioner was not "in custody" under that sentence at the time he filed the instant petition. Simpson's petition is dismissed.

**SO ORDERED.**