■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN BOLTON, Appellant. [624 NYS2d 210] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Harbater, J.), rendered March 31, 1993, convicting him of criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the trial court erred in failing to charge the defense of justification with respect to criminal mischief in the fourth degree, inasmuch as the defendant neither requested such an instruction nor objected to the charge as given on this basis *(see,* CPL 470.05 [2]; *People v Autry,* 75 NY2d 836; *People v Rivera,* 205 AD2d 807; *People v McCray,* 149 AD2d 736). In any event, the contention is without merit, since there was no reasonable view of the evidence which would support a finding

that the defendant slashed the complainant's tire as a necessary emergency measure to avoid imminent injury *(see,* Penal Law § 35.05 [2]). Rather, the evidence demonstrated that the confrontation between the defendant and the complainant had already ended and the defendant was completely free to leave the area at the time he committed the offense.

We find unpersuasive the defendant's contention that the verdict convicting him of criminal mischief in the fourth degree is against the weight of the evidence. The resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). The mere fact that the jury acquitted the defendant of other, substantively different charged offenses does not impact upon his conviction of criminal mischief under the circumstances of this case. Accordingly, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]). Sullivan, J. P., Lawrence, Copertino and Joy, JJ., concur.