■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORAL RICHARD HUFFMAN, Appellant. (Appeal No. 1.) [732 NYS2d 391] —Judgment unanimously affirmed. Memorandum: Defendant appeals from two judgments, one entered upon his plea of

guilty to scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]), grand larceny in the third degree (Penal Law § 155.35) and grand larceny in the fourth degree (Penal Law § 155.30 [1]), and the other entered upon his plea of guilty to grand larceny in the fourth degree (Penal Law § 155.30 [1]). Defendant contends that, in imposing an enhanced sentence, County Court unlawfully deviated from the sentencing promise made as part of the plea bargain. That contention lacks merit. Because defendant failed to abide by a specific condition of the plea bargain that he not be the subject of further complaints of fraudulent or larcenous behavior, the court was justified in imposing an enhanced sentence without first affording defendant the opportunity to withdraw his plea (*see, People v Wilks,* 284 AD2d 905; *see also, People v White,* 215 AD2d 791, 792, *lv denied* 86 NY2d 805). The court conducted a sufficient inquiry when it examined the indictment setting forth a new criminal charge against defendant, thereby ascertaining "the existence of a legitimate basis" for the new charge (*People v Outley,* 80 NY2d 702, 713; *see, People v Smith,* 248 AD2d 179, *lv denied* 91 NY2d 1013).

The court did not err in determining the amount of restitution without conducting a hearing. A defendant waives his right to a restitution hearing where, as here, he consents to the amount of restitution (*see, People v Chambers,* 242 AD2d 860; *People v Kelly,* 238 AD2d 938, *lv denied* 90 NY2d 906; *People v Lugo,* 191 AD2d 648).

Defendant's challenge to the predicate felony offender determination is not properly before us. Defendant neither objected to being sentenced as a predicate felon nor controverted the allegations in the predicate felony offender statement (*see,* CPL 400.21 [3]; *People v Smith,* 73 NY2d 961, 962-963; *People v Johnson,* 242 AD2d 896, *lv denied* 91 NY2d 893). Moreover, defendant previously was sentenced and thereafter resentenced as a second felony offender on the basis of the same conviction that served as the predicate offense in this case. A predicate felony offender adjudication, once made, is binding upon a defendant in any further proceeding in which the issue arises (*see,* CPL 400.21 [8]; *People v Loughlin,* 66 NY2d 633, 635-636, *rearg denied* 66 NY2d 916).

The sentence is not unduly harsh or severe. (Appeal from Judgment of Chautauqua County Court, Ward, J.—Scheme to Defraud, 1st Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.