■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. DAYMONT, Appellant. (Appeal No. 1.) [749 NYS2d 921] —Appeal from a judgment of Onondaga County Court (Fahey,

J.), entered February 15, 2001, convicting defendant upon his plea of guilty of scheme to defraud in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]). In appeal Nos. 2 and 3, defendant appeals from judgments convicting him upon his pleas of guilty of grand larceny in the third degree (§ 155.35). Contrary to the contention of defendant, County Court properly imposed an enhanced sentence based on his failure to comply with the condition in the plea agreement in appeal No. 1 that he not commit any new crimes between the time of entry of the plea and the subsequent sentencing (*see People v Parker*, 271 AD2d 63, 69, *lv denied* 95 NY2d 967). Further, the court examined the grand jury minutes underlying the indictments on the new charges against defendant and thus conducted a sufficient inquiry to determine "the existence of a legitimate basis" for the new charges (*People v Outley*, 80 NY2d 702, 713; *see People v Huffman,* 288 AD2d 907, *lv denied* 97 NY2d 755). Also contrary to the contention of defendant, the court did not abuse its discretion in denying his motion to withdraw his guilty pleas without conducting a hearing (*see generally People v Peavy,* 225 AD2d 1082, 1083, *lv denied* 88 NY2d 883). Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.