J.), entered February 15, 2001, convicting defendant upon his plea of guilty of scheme to defraud in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]). In appeal Nos. 2 and 3, defendant appeals from judgments convicting him upon his pleas of guilty of grand larceny in the third degree (§ 155.35). Contrary to the contention of defendant, County Court properly imposed an enhanced sentence based on his failure to comply with the condition in the plea agreement in appeal No. 1 that he not commit any new crimes between the time of entry of the plea and the subsequent sentencing (*see People v Parker*, 271 AD2d 63, 69, *lv denied* 95 NY2d 967). Further, the court examined the grand jury minutes underlying the indictments on the new charges against defendant and thus conducted a sufficient inquiry to determine "the existence of a legitimate basis" for the new charges (*People v Outley*, 80 NY2d 702, 713; *see People v Huffman,* 288 AD2d 907, *lv denied* 97 NY2d 755). Also contrary to the contention of defendant, the court did not abuse its discretion in denying his motion to withdraw his guilty pleas without conducting a hearing (*see generally People v Peavy,* 225 AD2d 1082, 1083, *lv denied* 88 NY2d 883). Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. DAYMONT, Appellant. (Appeal No. 2.) [749 NYS2d 922] —Appeal from a judgment of Onondaga County Court (Fahey, J.), entered February 15, 2001, convicting defendant upon his plea of guilty of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Same memorandum as in *People v Daymont* ([appeal No. 1] 299 AD2d 916). Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. DAYMONT, Appellant. (Appeal No. 3.) [749 NYS2d 923] —Appeal from a judgment of Onondaga County Court (Fahey, J.), entered February 15, 2001, convicting defendant upon his plea of guilty of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Same memorandum as in *People v Daymont* ([appeal No. 1]

299 AD2d 916). Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE BUENO, Appellant. [750 NYS2d 672] —Appeal from a judgment of Steuben County Court (Furfure, J.), entered June 18, 2001, convicting defendant upon his plea of guilty of manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the second degree (Penal Law § 125.15 [1]), defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to make pretrial motions and that his plea therefore was not knowingly, voluntarily, or intelligently entered. Even assuming, arguendo, that the contention of defendant survives his guilty plea (see People v Brown, 284 AD2d 904, lv denied 96 NY2d 916), we conclude that it lacks merit. "The failure to make pretrial motions does not, by itself, constitute ineffective assistance of counsel" (People v Jurjens, 291 AD2d 839, 840, lv denied 98 NY2d 652; see People v Distaffen, 275 AD2d 948, lv denied 95 NY2d 934; People v Waterman, 229 AD2d 1013). Here, defendant failed to make the requisite showing that defense counsel lacked "strategic or other legitimate explanations" for failing to make such motions (People v Rivera, 71 NY2d 705, 709). The further contention of defendant that defense counsel did not have adequate information to advise him whether to plead guilty is not supported by the record. The plea minutes establish that both defense counsel and defendant received all of the information in the People's file pertaining to the case. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147). Finally, the bargained-for sentence is neither unduly harsh nor severe. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MORTON, Appellant. [750 NYS2d 538] —Appeal from a judgment of Jefferson County Court (Martusewicz, J.), entered June 11, 2001, convicting defendant upon his plea of guilty of attempted burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.