*101 OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Following an incident in which defendant killed a dog that had been attacking defendant’s domestic goats, defendant was charged with inhumane destruction of a dog (Agriculture and Markets Law § 374 [2-c]), firing a weapon over a public roadway (ECL 11-0931 [4] [a] [1]), and discharging a weapon within 500 feet of a dwelling (ECL 11-0931 [4] [a] [2]). Defendant was acquitted of the first two charges but was convicted of the latter offense.
Agriculture and Markets Law § 121-a (2) provides that, in certain circumstances, the owner or caretaker of a farm or domestic animal attacked by a dog “may destroy such dog, and no liability in damages or otherwise shall be incurred on account of such destruction.” Contrary to defendant’s contention, the criminal liability incurred by defendant herein was not “on account of such destruction” but on account of the method defendant employed, discharging a firearm within 500 feet of a neighbor’s dwelling. The People established beyond a reasonable doubt, and the court below, as trier of fact, properly found, that no circumstances existed in the case at bar to demonstrate justification (see Penal Law § 35.05 [2]) as a defense to the charge of discharging a weapon within 500 feet of a dwelling. The facts established at trial indicated that the dog was leaving the premises, after attacking a domestic animal, when shot, and that defendant had pursued the dog to shoot it. Thus, although defendant’s action in killing the dog was found to be justifiable pursuant to Agriculture and Markets Law § 121-a (2), thereby establishing a defense to the Agriculture and Markets Law § 374 (2-c) charge of inhumane destruction of a dog, the People established that no “imminent . . . private injury [was] about to occur” that would support the Penal Law § 35.05 defense of justification to the charge of discharging a weapon within 500 feet of a dwelling (see People v Bolton, 213 AD2d 660 [1995]).
Rudolph, PJ., Angiolillo and Lippman, JJ., concur.