■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOMO WILLIAMS, Appellant. [833 NYS2d 515]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered March 4, 2004, convicting him of attempted burglary in the third degree, criminal mischief in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At a pretrial hearing, the defendant requested an advance ruling that the court charge the jury on the justification defense. However, after the court denied the application, the matter was not raised during trial, and the defendant did not object to the jury charge as given. Consequently, the defendant's claim that he was entitled to a justification instruction is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10, 19 [1995]; CPL 470.05 [2]). In any event, there was no reasonable view of the evidence to support such a charge (*see People v Watts*, 57 NY2d 299 [1982]; *People v Musto*, 243 AD2d 508, 508-509 [1997]; *People v Bolton*, 213 AD2d 660, 660-661 [1995]; *People v Robinson*, 195 AD2d 611, 611-612 [1993]).

Contrary to the defendant's contention, the Supreme Court properly permitted the prosecutor to cross-examine the defendant on the underlying facts of his prior larcenous-type convictions, including, among others, burglary and attempted burglary. Since the defendant raised and adduced evidence supporting the affirmative defense of duress, which undermined his criminal intent to commit the crimes charged, the People were properly permitted to rebut the defense with evidence of the defendant's criminal disposition or inconsistent intent (*see People v Calvano*, 30 NY2d 199, 205-206 [1972]; *People v Maldonado*, 5 AD3d 505, 506 [2004]; *People v Stranton*, 257 AD2d 583 [1999]).

As a predicate felony finding is "binding upon that defendant in any future proceeding in which the issue may arise" (CPL 400.21 [8]), the court properly sentenced the defendant as a second felony offender based on its findings at a prior sentencing hearing that the defendant was a second felony offender based on a prior felony which qualified as a predicate felony, and that the prior convictions were not unconstitutionally obtained (*see People v Williams*, 38 AD3d 576 [2007]; *see also People v Huffman*, 288 AD2d 907, 908 [2001]; *People v Reed*, 135 AD2d 585 [1987]; *People v Lopez*, 123 AD2d 360, 361

[1986]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.