■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANCY McMILLEN, Also Known as MAEBELL ANDREWS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Scholnick, J.), rendered January 25, 1980, convicting her of attempted assault in the first degree, upon her plea of guilty, and imposing sentence. Judgment reversed, on the law, plea of guilty vacated and matter remitted to Criminal Term for further proceedings consistent herewith. The People concede that the court erred in accepting defendant's plea of guilty to attempted assault in the first degree over her specific denial that she intended to stab the victim with her knife (see *People v Serrano,* 15 NY2d 304; *People v McDougle,* 67 AD2d 989; *People v Lebron,* 68 AD2d 836). Hopkins, J.P., Damiani, Titone and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MORAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered April 30, 1980, convicting him of criminal possession of a weapon in the third degree and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issue has been presented with respect to the facts. Reversal is required because of the trial court's confusing and erroneous instructions to the jury. Specifically, in instructing on the defense of justification, it was error to fail to instruct that the People have the burden of disproving that defense beyond a reasonable doubt. (See *People v Steele,* 26 NY2d 526; *People v Soto,* 38 AD2d 734.) Further, the court gave the following instruction on temporary lawful possession: "temporary possession is not possession within the complex of the law unless temporary possession is the purpose of an unlawful use. And the law states that the possession — that unlawful means contrary to the law." This instruction was both inadequate and confusing, and the error was compounded by the fact that the court failed to apply the law to the facts, and on this issue summarized only the People's evidence. (See *People v Trucchio,* 47 AD2d 934; *People v Chambers,* 73 AD2d 976.) Finally, the trial court should not have discussed in detail the functions of the Grand Jury, particularly the facts that the witnesses are under oath and that the jury takes a vote the result of which is the indictment. Similar comments have been criticized as unnecessary and possibly misleading. (See *People v Sharp,* 71 AD2d 1034; *People v Crossman,* 69 AD2d 887.) Accordingly, a new trial is required. Lazer, J.P., Rabin, Cohalan and Bracken, JJ., concur.