■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE JONES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered May 13, 1981, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. No questions of fact have been raised or considered.

Several errors in this case deprived the defendant of a fair trial and mandate the reversal of his conviction, despite the fact that some of the errors were not preserved for our review as a matter of law.

Defendant, charged with criminal possession of a weapon in the third degree, interposed the defense that this possession of the weapon was temporary and lawful. While the trial court charged the jury on this defense, it failed to instruct the jury that the People were required to disprove the defense beyond a reasonable doubt (Penal Law, § 25.00, subd 1; *People v Figueroa,* 80 AD2d 520, 521; 1 CJI 9.65). Moreover, the trial court did not adequately instruct the jury concerning their consideration of the evidence of defendant's flight. The jury should have been charged that if two inferences could be drawn from defendant's conduct, one consistent with consciousness of guilt and one consistent with an innocent purpose, the jury must draw that inference consistent with an innocent purpose (1 CJI 9.16). The failure to so charge was particularly prejudicial in view of the trial court's instruction to the jury that they could ask themselves the question, "Does an innocent man run away?" and the prosecutor's improper comments during summation that "Police do not chase people with cigarette cases or chicken salad sandwiches"; and that "[P]eople that are chased know why they are being chased, especially when it's the police".

In addition, there were other instances of prosecutorial misconduct. During his cross-examination of the defendant, and one Anthony German, a defense witness, the prosecutor repeatedly asked the same questions even after defense counsel's objections were sustained by the trial court. The prosecutor further improperly sought to question German regarding whether he had ever reported to certain named individuals, including his mother, that he had seen the defendant being beaten by several police officers. In his summation, the prosecutor also made numerous improper comments disparaging defendant, stating, for example, that "a man who has done what this man has done in terms of his believability treats the truth the way I would treat dandruff right here. It's in my way"; and that defendant's testimony "strains believability so much that it borders on being an insult to our intelligence"; and further characterized defendant's attitude on the witness stand "as if he were on a ferris wheel getting a ride".

Accordingly, defendant is entitled to a new trial.

We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., Bracken, Weinstein and Niehoff, JJ., concur.