■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTE STERLING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 17, 1987, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who was charged with criminal possession of a weapon in the third degree, interposed the defense that his possession of the weapon was temporary and lawful. We conclude that the trial court's charge on this statutory defense (Penal Law § 25.00 [1]), viewed in its entirety, properly conveyed the relevant principles of law to the jury, although it would have been preferable for the trial court to have specifically stated that the People were required to disprove this defense beyond a reasonable doubt *(cf., People v Jones,* 104 AD2d 826).

Significantly, the court emphasized throughout the charge that the People had the burden of establishing beyond a reasonable doubt that the defendant's possession of the weapon was unlawful. It further instructed the jury that the defendant had no burden to prove his innocence and that the People's burden of proof never shifted to the defendant. The instructions did not include any language that might lead a jury to believe or suggest that the defendant had such a

burden *(cf., People v Victor,* 62 NY2d 374). The charge, taken as a whole, unequivocally conveyed to the jury that the prosecution bore the burden of disproving the defense of temporary and lawful possession beyond a reasonable doubt *(cf., People v Azzara,* 138 AD2d 495; *People v Hydleburg,* 127 AD2d 792).

We also reject the defendant's claim that one improper comment by the prosecutor during summation, which was not objected to so as to preserve the defendant's claim of error for appellate review *(see, People v Balls,* 69 NY2d 641), was so egregious as to have deprived the defendant of a fair trial *(cf., People v Rojas,* 121 AD2d 315; *People v Williams,* 112 AD2d 177; *People v Webb,* 68 AD2d 331).

We have reviewed the defendant's remaining contention and find it to be without merit. Rubin, J. P., Spatt, Harwood and Balletta, JJ., concur.