■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSENDO VELEZ, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Queens County (Sherman, J.), all rendered January 28, 1987, convicting him of robbery in the first degree (three counts, one as to each indictment), upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The defendant argues that identification testimony should be suppressed as the fruit of his codefendant's confession allegedly obtained in violation of the latter's Sixth Amendment right to the assistance of counsel. Specifically, the codefendant's alleged unlawful interrogation led to the defendant's arrest and his being subjected to a pretrial lineup procedure where he was identified by the victims of three separate robberies. We conclude that the defendant lacks standing to raise an issue relating to the codefendant's Sixth Amendment rights and, therefore, cannot claim that the identification testimony should be suppressed as the fruit of the violation of those rights *(see, United States v Satterfield,* 558 F2d 655, 657; *see also,* LaFave and Israel, Criminal Procedure § 9.1, at 715-717). Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.