■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WHITE, Appellant. [627 NYS2d 957] —Appeal by the defendant, as limited by his brief, from three sentences of the Supreme Court, Queens County (Rotker, J.), all imposed October 27, 1987.

Ordered that the sentences are affirmed.

The defendant's claim that he should have been sentenced to concurrent terms of imprisonment of 2 to 4 years on each of his three convictions is without merit. The defendant violated the condition of his plea agreement that he not be re-arrested and charged with a new crime between the time of his plea and sentencing. Under these circumstances, the court was not bound by its original promise and its imposition of an enhanced sentence of 5 to 15 years imprisonment on the conviction of robbery in the second degree under Indictment No. 1362/87, to run consecutively with concurrent terms of 2⅓ to 7 years imprisonment on his convictions of two counts of criminal sale of a controlled substance in the fifth degree under Indictment Nos. 3941/86 and 5110/86, was therefore proper *(see, e.g., People v Outley,* 80 NY2d 702; *People v Thorpe,* 189 AD2d 903; *People v Miller,* 186 AD2d 826, 827).

Moreover, the defendant's sentences were not excessive. We note that the court actually imposed a lesser sentence on the defendant than it had promised it would if he did not live up to his plea agreement. Under the circumstances, he cannot now be heard to complain *(see, People v Kazepis,* 101 AD2d 816, 817). Sullivan, J. P., Miller, Copertino, Joy and Fried-mann, JJ., concur.