■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ORTIZ, Appellant. [698 NYS2d 36] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Lefkowitz, J.), rendered March 1, 1995, convicting him of murder in the second degree, criminally negligent homicide, attempted robbery in the first degree, attempted petit larceny, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the search of the vehicle in which he was a passenger and the seizure of certain evidence were unconstitutional because the stop for an uncontroverted traffic violation was a pretext for further investigation of a homicide. Generally, the legality of a search or seizure is measured by the objective circumstances, and not by the subjective motivation, if any, of the officer (*see, Whren v United States,* 517 US 806; *People v Henry,* 258 AD2d 473; *People v Alcide,* 252 AD2d 591; *People v McCoy,* 239 AD2d 437, 439). Here, the stop of the vehicle was objectively valid based on the officer's personal observation of a traffic violation, and "is no less valid merely because the officer might also have been entertaining more serious suspicions" (*People v Dougherty,* 251 AD2d 344, 345; *see also, Whren v United States, supra; People v Henry, supra*).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., S. Miller, Krausman and H. Miller, JJ., concur.