■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK SLUSZKA and JOSEPH CARNES, Respondents. [790 NYS2d 55]—

Appeal by the People from so much of an order of the County Court, Nassau County (Ort, J.), dated November 17, 2003, as granted those branches of the omnibus motion of the defendant Frank Sluszka which were to suppress physical evidence and his statements to law enforcement authorities and that branch of the omnibus motion of the defendant Joseph Carnes which was to suppress physical evidence.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the omnibus motion of the defendant Frank Sluszka which were to suppress physical evidence and his statements to law enforcement authorities are denied, that branch of the omnibus motion of the defendant Joseph Carnes which was to suppress physical evidence is denied, and the matter is remitted to the County Court, Nassau County, for further proceedings on the indictment.

Police Officer Jeffrey Raymond testified at the suppression hearing that he and his partner, Officer Unvertzagt, while in plain clothes and an unmarked police car, observed a Ford Bronco in a parking lot space, far from other cars and stores,

with its engine on and a person in the driver's seat. Thereafter, a station wagon pulled up, and the person in the Bronco got out, and entered the rear seat of the station wagon, leaving the Bronco unattended with its engine running. Officer Raymond testified that as he drove the unmarked police car next to the station wagon, he witnessed the driver hand a diet Coke 12-pack box to the passenger in the rear of the car. At that time, the driver of the station wagon looked in the direction of the undercover police car and then the station wagon pulled away. The officers activated the police lights to pull the station wagon over.

The station wagon stopped, but when Officer Unvertzagt exited the police car and began to approach the station wagon, it pulled away again. The police car followed and the station wagon stopped approximately 15 or 20 feet away. Both police officers approached the station wagon, and Officer Unvertzagt asked the driver of the station wagon, the defendant Frank Sluszka, why he drove away as they approached, and Sluszka said it was because he had "a little weed" on him. Officer Unvertzagt asked Sluszka where it was, and Sluszka pointed to a knapsack on the passenger front seat. As this was happening, Officer Raymond noticed the defendant Joseph Carnes in the rear passenger seat of the station wagon, reaching forward between his feet. Officer Raymond shone his flashlight on the floor and noticed the 12-pack soda box between Carnes' feet, which Carnes was attempting to shove under the front passenger seat with his feet. The box tore, and the officer observed that it contained a zip lock bag of what looked like marijuana.

The officers arrested both men, and recovered 17 small bags of marijuana in the knapsack and approximately one pound of marijuana from the soda can box. A search of Sluszka's person revealed additional controlled substances. The defendants moved, inter alia, to suppress the physical evidence recovered from the car and Sluszka's person and the statements made to the police by Sluszka at the scene.

The County Court found that the stop of Sluszka's vehicle violated the Fourth Amendment, and therefore granted those branches of the defendants' omnibus motions which were to suppress the physical evidence recovered from the station wagon, as well as the physical evidence recovered from Sluszka's person and the statements he made to the police at the scene. At issue on appeal is the County Court's rejection of the People's contention that the stop of the station wagon was permissible based on the officers' probable cause that Carnes violated Vehicle and Traffic Law § 1210 when he left the Bronco unattended

with its engine running. The County Court held that "to justify a motor vehicle stop, the officer must possess a reasonable suspicion of a [Vehicle and Traffic Law] violation by the driver of the vehicle the officer seeks to stop, not the driver of some other vehicle."

"[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred," even if the underlying reason for the stop was to investigate another matter unrelated to the traffic violation (*People v Robinson,* 97 NY2d 341, 348-349 [2001] [internal quotation marks omitted]; *Whren v United States,* 517 US 806, 810 [1996]). Here, the issue is whether the decision to stop the station wagon was reasonable because the police had probable cause to believe that a passenger in that car had just committed a traffic infraction in a different vehicle, immediately prior to getting into the station wagon.

The temporary detention of individuals during the stop of an automobile is a seizure within the meaning of the Fourth Amendment, and "[a]n automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances" (*Whren v United States, supra* at 810). The rationale for the rule that where a police officer has probable cause to detain a person temporarily for a traffic infraction, the seizure does not violate the Fourth Amendment, even if the true motivation for the stop was for a reason other than the traffic infraction, is "[b]ecause the Vehicle and Traffic Law provides an objective grid upon which to measure probable cause, a stop based on that standard is not arbitrary in the context of constitutional search and seizure jurisprudence" (*People v Robinson, supra* at 355).

Under the particular circumstances of this case, the stop of the station wagon was reasonable based upon the police officers' probable cause to believe that a passenger therein had just violated Vehicle and Traffic Law § 1210 by leaving a different vehicle unattended with its engine running. In that regard, we note that, by its very definition, the particular Vehicle and Traffic Law violation at issue required that the driver be out of the vehicle with which the infraction was committed. Furthermore, the officers' stop of the station wagon, in which they knew Carnes was a passenger, occurred close in both space and time to Carnes' violation of Vehicle and Traffic Law § 1210. As such, the stop of the station wagon did not violate the Fourth Amendment. Since, after lawfully stopping the station wagon, the police officers developed probable cause for the arrests, the County Court erred in ordering suppression of the physical evidence

found in the car, and on Sluszka's person, as well as the statements he made to the police at the scene.

In light of our finding that the stop of the station wagon was lawful based on the officers' probable cause that Carnes violated Vehicle and Traffic Law § 1210, it is unnecessary to reach the People's contention that, even absent the traffic infraction, the stop was justified based upon the officer's reasonable suspicion that criminal activity was afoot in the station wagon. Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur.