■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE RUSSELL, Appellant. [849 NYS2d 607]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 1, 2005, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant, who was charged with criminal possession of a weapon in the third degree, interposed the statutory defense of temporary lawful possession (*see* Penal Law § 25.00 [1]). The

trial court's charge to the jury on this defense was error because it failed to clearly and unequivocally convey the People's burden of disproving the defense beyond a reasonable doubt (*see People v Jones*, 104 AD2d 826, 827 [1984]; *People v Moran*, 84 AD2d 753 [1981]; *People v Figueroa*, 80 AD2d 520, 521 [1981]; *see also* CJI2d[NY] Possession—Temporary; *People v Victor*, 62 NY2d 374, 377-378 [1984]). This error was compounded by the trial court's failure to adequately marshal the defendant's evidence on this issue and clearly explain the relevant legal principles pertaining to the defense.

Subsequently, in response to a jury request for clarification on the elements of the offense, the court re-instructed the jury on, inter alia, the defense of temporary innocent possession. On the whole, considering the re-instruction on this defense in conjunction with the initial charge, the proper standard regarding the burden of proof was not clearly and unequivocally conveyed to the jury (*see People v Victor*, 62 NY2d 374, 377-378 [1984]; *People v Moran*, 84 AD2d 753 [1981]; *see also People v Perez*, 127 AD2d 707, 710 [1987]; *see generally People v Drake*, 7 NY3d 28, 33-34 [2006]; *cf. People v Sterling*, 151 AD2d 522 [1989]). There was no reason for the trial court to go beyond the standard instruction (*see People v LaDolce*, 196 AD2d 49, 55 [1994]) on the law of temporary possession (*see* 1 CJI[NY] 9.65). Under the circumstances, we cannot say that the error was harmless (*see generally People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Jones*, 74 AD2d 854, 856 [1980]).

The defendant's claim that a portion of the court's charge as to reasonable doubt was erroneous is unpreserved for appellate review (*see* CPL 470.05; *People v Thomas*, 50 NY2d 467, 472 [1980]; *People v Rodriguez*, 220 AD2d 701 [1995]) and, in any event, need not be reached in light of our determination. Skelos, J.P., Santucci, Lifson and Carni, JJ., concur.