■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUSSELL CLOUGH, Respondent. [895 NYS2d 52]—

Order, Supreme Court, New York County (Charles J. Tejada, J.), entered on or about June 9, 2008, which, to the extent appealed from, granted defendant's motion to suppress that portion of the physical evidence seized following his arrest, and dismissed the corresponding counts of the indictment, unanimously affirmed.

Although the People seek to justify the search at issue under the automobile exception to the warrant requirement, the only evidence that such a search actually occurred was expressly discredited by the hearing court.

"The hearing court plainly had doubts about the credibility of the police witness[ ], and we will not substitute our own findings on credibility unless the fact findings under review are plainly unjustified or clearly erroneous" (People v Corbin, 201 AD3d 359 [1994] [internal quotation marks omitted]). "[M]uch weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" (People v Prochilo, 41 NY2d 759, 761 [1977]).

While a defendant who challenges a search and seizure has the ultimate burden of proving illegality, the People have the burden of going forward to show the legality of the police conduct in the first instance (People v Berrios, 28 NY2d 361, 367 [1971]), and that burden cannot be met by testimony that the hearing court finds incredible (id. at 369). Accordingly, the People failed to satisfy their initial burden.

We have considered and rejected the People's remaining arguments. Concur—Mazzarelli, J.P., Acosta, Renwick and Freedman, JJ.