■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE GLOVER, Appellant. [921 NYS2d 896]—

Appeal by the defendant from a judgment of the Supreme

Court, Nassau County (Donnino, J.), rendered March 26, 2010, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, criminal possession of marijuana in the fourth degree, and failing to signal a turn, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (see People v Tandle, 71 AD3d 1176, 1178 [2010]; People v Glenn, 53 AD3d 622, 623-624 [2008]; People v Edwards, 29 AD3d 818 [2006]). Here, the record supports the hearing court's determination to credit a police officer's testimony that he observed the defendant make a right turn without signaling, which justified the initial stop of his vehicle for a traffic infraction (see Vehicle and Traffic Law § 1163 [a]; People v Edwards, 14 NY3d 741, 742 [2010]; People v Leiva, 33 AD3d 1021, 1022 [2006]; People v Parris, 26 AD3d 393, 394 [2006]). Upon approaching the vehicle, the police detected a strong odor of marijuana emanating from it. Additionally, in response to an investigatory question, the defendant admitted that he was in possession of a gun and had marijuana in the glove compartment (see People v Hardy, 77 AD3d 133, 141 [2010]). Under these circumstances, the police had probable cause to search both the vehicle and the defendant (see People v Hughes, 68 AD3d 894, 895 [2009]; People v Parris, 26 AD3d at 394). Accordingly, the hearing court properly denied the suppression of physical evidence and the defendant's statements to law enforcement officials. Mastro, J.P., Belen, Chambers and Roman, JJ., concur.