THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BACCHUS, Appellant. [959 NYS2d 710]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Koenderman, J.), rendered February 17, 2011, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to criminal contempt in the first degree in exchange for an agreed-upon sentence. During the plea colloquy, the defendant was informed that one of the conditions of the plea agreement was that he not be rearrested. In addition, the Supreme Court advised the defendant that, if he failed to honor the terms of the plea agreement, he could be subject to an enhanced sentence. After the defendant was rearrested, the court imposed an enhanced term of imprisonment based upon his violation of a condition of the plea agreement.

Sentencing is a critical stage of the criminal proceeding and must satisfy the requirements of due process (*see People v Fiammegta*, 14 NY3d 90, 96 [2010]; *People v Outley*, 80 NY2d 702, 712 [1993]). In order to comply with due process, the sentencing court must assure itself that the information upon which it bases the sentence is reliable and accurate (*see People v Outley*, 80 NY2d at 712). The defendant's contention that the Supreme Court erred in failing to hold a full evidentiary hearing to determine whether he violated a term of his plea agreement before sentencing him to an enhanced term of imprisonment is without merit. Under the circumstances of this case, the court properly determined that the defendant violated the term of the

plea agreement which prohibited him from being rearrested, and the court properly imposed an enhanced sentence based on the defendant's violation of the plea agreement (*see People v Bragg*, 96 AD3d 1071, 1072 [2012]; *see also People v Outley*, 80 NY2d 702 [1993]). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.