■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIN A. DAVIS, Appellant. [962 NYS2d 174]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered November 17, 2010, convicting him of criminal possession of a weapon in the second degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Aloise, J.), after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

"The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Martinez*, 58 AD3d 870, 870-871 [2009]). " '[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred,' even if the underlying reason for the stop was to investigate another matter unrelated to the traffic violation" (*People v Sluszka*, 15 AD3d 421, 423 [2005], quoting *People v Robinson*, 97 NY2d 341, 348-349 [2001]). Here, the record supports the hearing court's determination to credit a police officer's testimony that he observed a vehicle in which the defendant was a passenger make two right turns without signaling, which justified the stop of the vehicle for a traffic infraction (*see* Vehicle and Traffic Law § 1163 [a]; *People v Glover*, 84 AD3d 977 [2011]). Contrary to the defendant's contention, the two right turns were each made at a location which falls within the statutory definition of an "intersection" (Vehicle and Traffic Law § 120 [a]; *see Fan v Buzzitta*, 42 AD2d 40, 42 [1973]), and, thus, the failure to signal when making each of the turns constituted a violation of Vehicle and Traffic Law § 1163 (a). Further, the vehicle stop, which was objectively based on a traffic violation, was "no less valid merely because the officer might also have been entertaining more serious suspicions" (*People v Dougherty*, 251 AD2d 344, 345 [1998]; *see Whren v United States*, 517 US 806 [1996]; *People v Robinson*, 74 NY2d 773, 774-775 [1989], *cert denied* 493 US 966 [1989]; *People v Ortiz*, 265 AD2d 579 [1999]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence observed in plain view inside the vehicle after a lawful stop for a traffic violation (*see People v Foster*, 4 AD3d 434 [2004]).

The Supreme Court providently exercised its discretion in denying the defendant's motion to reopen the suppression hearing based upon an alleged inconsistency between the hearing

and trial testimony of a police officer as to whether he observed a weapon in the stopped vehicle before or after he asked the driver to turn off the engine and hand over the keys. The alleged new facts pertained to circumstances that occurred in the defendant's presence leading up to his arrest, and, thus, the defendant is presumed to have had knowledge of those facts at the time of the hearing (*see People v Kneitel*, 33 AD3d 816 [2006], *cert denied* 552 US 907 [2007]; *People v Jordan*, 231 AD2d 646 [1996]). Moreover, since the police officer had the discretionary authority to direct the driver to turn off the engine and to instruct the occupants to exit the vehicle upon making a valid traffic stop (*see People v Robinson*, 74 NY2d at 775; *People v Diaz*, 41 NY2d 876 [1977], *cert denied* 434 US 939 [1997]; *People v Grant*, 83 AD3d 862, 863 [2011]; *People v Willis*, 66 AD3d 926 [2009]; *People v Forbes*, 283 AD2d 92, 94 [2001]), the defendant would not have been entitled to suppression under either the hearing or trial versions of the incident (*see People v Whaley*, 70 AD3d 570, 572 [2010]; *People v Sylvain*, 33 AD3d 330 [2006]). The additional grounds advanced by the defendant on appeal in support of his contention that the court should have granted his motion to reopen the hearing are unpreserved for appellate review and, in any event, without merit (*see People v Accardi*, 222 AD2d 596, 597-598 [1995]).

The Supreme Court properly permitted the People to impeach the testimony of a defense witness with a statement made by that witness's former counsel in his presence at a plea proceeding (*see People v Brown*, 98 NY2d 226 [2002]). The statement, which differed from the witness's trial testimony, reasonably appeared to be attributable to the witness (*see People v Kelley*, 82 AD3d 463, 465 [2011], *mod on other grounds* 19 NY3d 887 [2012]; *People v Russo*, 210 AD2d 128, 129 [1994]). Further, to the extent the defendant asserts a constitutional violation based upon the use of the statement at trial, the defendant lacks standing to assert a violation of the witness's constitutional rights (*see People v Velez*, 155 AD2d 708 [1989]; *People v Miller*, 74 AD2d 961 [1980]). The additional claims raised on appeal by the defendant with respect to the prior statement are unpreserved for appellate review and, in any event, without merit.

The defendant's contention that the Supreme Court failed to adequately instruct the jury with regard to temporary and lawful possession of a weapon is without merit. The charge closely followed the language of the New York Criminal Jury Instructions (*see* CJI2d[NY] Penal Law § 220.25 [1]) and, considered in its entirety, properly conveyed to the jury the correct principles to be applied in evaluating the evidence before it (*see People v*

*Sadian*, 81 AD3d 987 [2011]; *People v Stallings*, 54 AD3d 1064 [2008]; *cf. People v Russell*, 47 AD3d 732 [2008]). The defendant's contention that the court failed to adequately charge the jury that his possession of a weapon must be voluntary also is without merit. The additional claims raised by the defendant on appeal with regard to the jury charge are unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.