*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 5, 2015                    106145
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

TERRANCE F. NESBITT,
                    Appellant.
_____


Calendar Date:  December 2, 2014

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Jay L. Wilber, Public Defender, Binghamton (Michael A.
Vargha of counsel), for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Joann Rose
Parry of counsel), for respondent.


                        _____


        Appeal from a judgment of the County Court of Broome County
(Cawley Jr., J.), rendered May 10, 2013, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
controlled substance in the fifth degree.

        In satisfaction of a four-count indictment, defendant
pleaded guilty to criminal possession of a controlled substance
in the fifth degree.  Under the terms of the plea agreement, he
waived his right to appeal and was to be sentenced as a second
felony offender to 2½ years in prison, to be followed by one year
of postrelease supervision.  At defendant's request, County Court
adjourned the date of sentencing to allow defendant time to
attend his son's birthday party.  The court, however, admonished
defendant that he was required to appear in court at 9:30 a.m. on
March 5, 2013 for sentencing and that, if he did not, the court

could impose a sentence greater than the agreed-upon sentence. Defendant failed to appear in court on the sentencing date at 9:30 a.m., but showed up at approximately 1:00 p.m. County Court postponed sentencing to consider whether the sentence should be enhanced, and the matter was adjourned further as a result of defendant's motion to withdraw his plea. County Court denied the motion and ultimately sentenced defendant to three years in prison to be followed by two years of postrelease supervision. Defendant now appeals.

Defendant asserts that County Court abused its discretion in imposing the enhanced sentence. We disagree. County Court went out of its way to accommodate defendant's request to have sentencing adjourned so that he could attend his son's birthday party and even gave defendant an extra day so that he would not have to return on the date of the party. The court specifically warned him of the consequences of failing to appear, including the potentially longer sentence he faced, and indicated that bad weather or other such issues were not legitimate excuses. Nevertheless, defendant failed to appear at the required time and, when he finally came to court, claimed to have had transportation problems. Under the circumstances presented here, we cannot conclude that County Court abused its discretion in imposing an enhanced sentence (see People v Goodman, 79 AD3d 1285, 1286 [2010]; People v Baez, 67 AD3d 1204 [2009], lv denied 14 NY3d 797 [2010]).

Lahtinen, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court