■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKEEM BETHEA HARRIS, Also Known as TONY BETHEA, Appellant. [36 NYS3d 211]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered October 4, 2013, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Lopez*, 6 NY3d 248, 256 [2006]). The record does not demonstrate that the defendant "grasped the concept of the appeal waiver and the nature of the right he was forgoing" (*People v Bradshaw*, 18 NY3d 257, 267 [2011]; *see People v Springer*, 109 AD3d 557 [2013]; *People v Johnson*, 109 AD3d 489 [2013]; *People v Collins*, 104 AD3d 785 [2013]). Notwithstanding the defendant's execution of the written waiver form, it cannot be said that he knowingly, intelligently, and voluntarily waived his right to appeal (*see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Bradshaw*, 18 NY3d at 267; *People v Singleton*, 129 AD3d 748 [2015]; *People v Johnson*, 113 AD3d 635 [2014]; *People v Springer*, 109 AD3d at 557-558; *People v Vasquez*, 101 AD3d 1054, 1055 [2012]).

Although the defendant's claim that the County Court erred in imposing a sentence greater than what had been promised in the original plea agreement would survive even a valid waiver of the right to appeal (*see People v Bracy*, 131 AD3d 538, 539 [2015]; *People v Youmans*, 106 AD3d 1036 [2013]; *People v Arrington*, 94 AD3d 903 [2012]), the defendant is, in any event, not entitled to relief on this claim. The defendant

violated the conditions of his plea agreement that he not be rearrested between the time of the plea and sentencing, and that he timely appear for his interview with the probation department. Under these circumstances, the court was not bound by its original promise, and its imposition of an enhanced sentence was proper (*see People v Hicks*, 98 NY2d 185 [2002]; *People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Mazyck*, 117 AD3d 1084, 1085 [2014]; *People v Patterson*, 106 AD3d 757 [2013]; *People v Bacchus*, 103 AD3d 744, 745 [2013]; *People v White*, 215 AD2d 791 [1995]).

The defendant's remaining contention is without merit. Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.