■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DIAZ, Appellant. [46 NYS3d 627]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered October 15, 2014, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 10 years on the conviction of criminal possession of a weapon in the second degree, to run concurrently with an indeterminate term of imprisonment of 3½ to 7 years on the conviction of criminal possession of a weapon in the third degree, to be followed by a period of five years of post-release supervision. The appeal brings up for review the denial, after a hearing (Lopresto, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of criminal possession of a weapon in the second degree from a determinate term of imprisonment of 10 years to a determinate term of imprisonment of nine years; as so modified, the judgment is affirmed.

When the Supreme Court explained the defendant's waiver of his right to appeal to him, it improperly conflated the right to appeal with the rights automatically forfeited by a plea of guilty. Accordingly, the waiver of the right to appeal was invalid (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Wells*, 135 AD3d 976 [2016]; *People v Bond*, 109 AD3d 481 [2013]).

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the gun recovered from his person during a traffic stop. On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance (*see People v Whitehurst*, 25 NY2d 389, 391 [1969]; *People v Blinker*, 80 AD3d 619, 620 [2011]; *People v James*, 72 AD3d 844, 844 [2010]; *People v Hernandez*, 40 AD3d 777, 778 [2007]). Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure (*see People v Grant*, 83 AD3d 862, 863 [2011]; *People v Clough*, 70 AD3d 474 [2010]). The credibility determinations of a hearing court, which saw and heard the witnesses at the suppression hearing, are entitled to deference on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Wallace*, 128 AD3d 866, 866 [2015]; *People v Davis*, 103 AD3d 810, 811 [2013]).

"[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred, even if the underlying reason for the stop was to investigate another matter unrelated to the traffic violation" (*People v Davis*, 103 AD3d at 811 [internal quotation marks and citations omitted]; *see People v Sluszka*, 15 AD3d 421, 423 [2005]). Here, the hearing court properly credited the police officer's testimony that he observed a vehicle in which the defendant was a passenger make a left turn without signaling, which justified the stop of the vehicle for a traffic infraction (*see* Vehicle and Traffic Law § 1163; *People v Davis*, 103 AD3d at 811; *People v Glover*, 84 AD3d 977, 978 [2011]; *People v Grant*, 83 AD3d at 863). At the suppression hearing, the driver of the vehicle admitted that he committed the subject traffic infraction, even though his account of the interaction between the officers and the occupants of the vehicle otherwise differed from the police officer's account. Nothing in the record supports the defendant's contention that the police officer patently tailored his testimony to nullify constitutional objections, or that his testimony was otherwise unworthy of belief (*see People v Cooks*, 57 AD3d 796, 797 [2008]; *People v Rivera*, 27 AD3d 489, 490 [2006]; *People v Curry*, 213 AD2d 664 [1995]).

Upon making a valid traffic stop, the police had discretion to order the occupants to exit the vehicle (*see People v Patron*, 141 AD3d 545 [2016]; *People v Davis*, 103 AD3d at 811; *People v Grant*, 83 AD3d at 864; *see also People v Robinson*, 74 NY2d 773, 774 [1989]). Further, given the police officer's observations of the defendant's furtive behavior while still seated in the vehicle, which included bending down and making movements toward the ground near his feet, as well as the police officer's observation of a large bulge in the defendant's right leg pant, the police officer had a sufficient and reasonable basis to conduct a pat down search of the defendant and to remove the gun found on him (*see People v Patron*, 141 AD3d at 545-546; *People v Davis*, 103 AD3d at 811; *People v Grant*, 83 AD3d at 863).

The plea agreement, to the extent that it was set forth in the record, provided, inter alia, that an indeterminate term of imprisonment of 2 to 4 years would be imposed on the count of criminal possession of a weapon in the third degree, but if the defendant did not comply with the terms of the plea agreement, a determinate term of nine years imprisonment would be imposed on the count of criminal possession of a weapon in the second degree. The Supreme Court warned the defendant that it would impose the "maximum" if he did not return to court for sentencing. It is undisputed that the defendant failed to comply with the plea agreement, and failed to appear on the scheduled sentencing date.

Since the defendant failed to comply with the conditions of the plea agreement and failed to appear on the scheduled sentencing date, "the court was no longer bound by the original plea agreement, and had the right to impose a greater sentence" (*People v Grant*, 122 AD3d 767, 767 [2014]; *see People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Hubbard*, 105 AD3d 760 [2013]; *People v Marte*, 85 AD3d 945, 946 [2011]). Even though the court had a right to enhance the sentence, we have broad, plenary power to modify an enhanced sentence that is harsh or excessive under the circumstances (*see* CPL 470.15 [6] [b]; *People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]). "Our sentencing review power 'may be exercised, if the interest of justice warrants, without deference to the sentencing court' " (*People v Kordish*, 140 AD3d 981, 982 [2016] [emphasis omitted], quoting *People v Delgado*, 80 NY2d at 783). "In considering whether a sentence is unduly harsh or severe under the circumstances, we exercise our discretion giving consideration to, 'among other things, the crime charged, the particular circumstances of the individual

before the court and purpose of a penal sanction, i.e., societal protection, rehabilitation, and deterrence' " (*People v Kordish*, 140 AD3d at 982-983, quoting *People v Farrar*, 52 NY2d 302, 305 [1981]). Considering the crime charged, the particular circumstances of the defendant, and the purpose of a penal sanction in this case, we find that the Supreme Court's imposition of an additional year on top of the enhanced sentence of a determinate term of nine years imprisonment rendered the sentence imposed harsh and excessive. Accordingly, we modify the sentence to the extent indicated herein. Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.