■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAZARO AYALA, Appellant. [45 NYS3d 219]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered November 10, 2015, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was invalid. The record does not sufficiently demonstrate that the defendant understood the concept of the right to appeal and fully appreciated the consequences of waiving that right (*see generally People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Brown*, 122 AD3d 133 [2014]). Among other things, the County Court did not clearly ascertain on the record that defense counsel discussed the right to appeal with the defendant (*cf. People v Sanders*, 25 NY3d 337, 339-342 [2015]). We note that the County Court relied heavily upon the written appeal waiver form executed by the defendant. On this appeal, the People also rely heavily on the written waiver in support of

their argument that the purported appeal waiver was valid. However, the written waiver is not in the record and the People did not provide it. Under all the circumstances, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (*see People v Harris*, 142 AD3d 557, 557 [2016]; *People v Brown*, 122 AD3d 133 [2014]; *cf. People v Bryant*, 28 NY3d 1094 [2016]; *People v Page*, 138 AD3d 1313, 1313-1314 [2016]; *People v Pacheco*, 138 AD3d 1035, 1036 [2016]). Thus, the purported waiver does not preclude review of any of the defendant's claims.

The defendant's claim of ineffective assistance of counsel is based, in part, upon matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Barber*, 133 AD3d 868, 872 [2015]; *People v Young*, 97 AD3d 771 [2012]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Barber*, 133 AD3d at 872; *People v Maxwell*, 89 AD3d at 1109).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Chambers, J.P., Hall, Maltese and Barros, JJ., concur.