People v Smith (2018 NY Slip Op 02345)





People v Smith


2018 NY Slip Op 02345


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-09819
2016-09999

[*1]The People of the State of New York, respondent,
v
Anthony Smith, appellant. (Ind. Nos. 16-00110, 16-00330)


Kenyon C. Trachte, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Orange County (Nicholas DeRosa, J.), both rendered September 9, 2016, each convicting him of criminal sale of a controlled substance in the third degree, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant was charged in two separate indictments with criminal sale of a controlled substance in the third degree. On July 15, 2016, he pleaded guilty to those charges, in exchange for a promised sentence of concurrent determinate terms of imprisonment of four years plus two years of postrelease supervision, and purportedly waived his right to appeal. A condition of the plea was that he come "back here for sentencing on the date I just gave you"—August 31, 2016. The defendant did not appear in court until September 9, 2016, when the court imposed an enhanced sentence of two concurrent determinate terms of imprisonment of six years plus three years of postrelease supervision. On appeal, the defendant claims his enhanced sentence was illegally imposed and was excessive.
The defendant's purported waiver of his right to appeal was invalid (see People v Rivers, 141 AD3d 551; People v Lazier, 122 AD3d 770). In any event, a waiver of the right to appeal does not affect the reviewability of the issue of whether there was a sufficient basis to impose an enhanced sentence (see People v Gregory, 140 AD3d 1088, 1089; People v Muhammad, 47 AD3d 951, 952). However, failure to appear on a scheduled sentencing date in violation of a plea agreement may constitute a basis to impose an enhanced sentence (see People v Figgins, 87 NY2d 840; People v Diaz, 146 AD3d 803).
Here, on August 31, 2016, the defendant went to the emergency room with stomach pains and was treated and released. He was directed to return to court on September 2, 2016, and failed to do so. On September 8, 2016, he was late to court because of transportation problems. The defendant finally appeared for sentencing on September 9, 2016. Under the circumstances, imposition of an enhanced sentence was a provident exercise of discretion (see People v Nesbitt, 125 AD3d 1016).
Since the defendant's waiver of his right to appeal was invalid, this Court may review the question of whether the enhanced sentence was excessive (see People v Arrington, 94 AD3d 903). Under the circumstances, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court