People v Neilson (2018 NY Slip Op 08509)





People v Neilson


2018 NY Slip Op 08509


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-05875
 (Ind. No. 16-00547)

[*1]The People of the State of New York, respondent,
v
Leslie Neilson, appellant.


Michele Marte-Indzonka, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (William C. Ghee and Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas DeRosa, J.), rendered May 19, 2017, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284; People v Blackwood, 148 AD3d 716, 716).
The County Court did not provide the defendant with an explanation of the nature of the right to appeal or explain the consequences of waiving that right. Although the record on appeal
reflects that the defendant signed the written appeal waiver form, a written waiver "is not a complete substitute for an on-the-record explanation of the nature of the right to appeal" (People v Bradshaw, 76 AD3d 566, 569, affd 18 NY3d 257; see People v Cuevas-Alcantara, 136 AD3d 650). Moreover, "it will not be sufficient for the trial court to defer to the defendant's off-the-record conversations with defense counsel by merely confirming with defense counsel that he or she has discussed the waiver of the right to appeal with the defendant" (People v Brown, 122 AD3d at 141). Here, the court's limited colloquy amounted to nothing more than " a simple confirmation that the defendant signed the waiver and a conclusory statement that the defendant understood the waiver or was executing it knowingly and voluntarily'" (People v Burnett-Hicks, 133 AD3d 773, 774, quoting People v Brown, 122 AD3d at 140; see People v Guniss, 160 AD3d 895, 896). Under these circumstances, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal.
The defendant's claim of ineffective assistance of counsel cannot be reviewed on direct appeal because it is based, in part, on matter outside the record, and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Cassadean, 160 AD3d 655, 656-657; People v Hili, 158 AD3d 647, 648). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Ayala, 146 AD3d 966, 967; People v Barber, 133 AD3d 868, 872). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Sanders, 148 AD3d 846, 846; People v Crosby, 133 AD3d 681, 682; People v Martial, 125 AD3d 688, 689; People v Freeman, 93 AD3d 805, 806).
Contrary to the defendant's contention, the County Court providently exercised its discretion in imposing a sentence greater than what had been promised in the original plea agreement (see People v Smith, 160 AD3d 664, 665; People v Harris, 142 AD3d 557, 557-558; People v Grant, 122 AD3d 767, 767; People v Scott, 101 AD3d 1773, 1774). The court had specifically warned the defendant of the consequences of failing to appear for a presentence interview with the probation department, including the potentially longer sentence he faced. Nevertheless, the defendant failed to appear for his interview on the originally scheduled date due to a snowstorm, and did not appear on the rescheduled date because of purported transportation problems. Under the circumstances, the court was not bound by its original promise, and we agree with the court's imposition of an enhanced sentence (see People v Smith, 160 AD3d at 665; People v Nesbitt, 125 AD3d 1016, 1017).
"Even though the court had a right to enhance the sentence, [this Court has] broad, plenary power to modify an enhanced sentence that is harsh or excessive under the circumstances" (People v Diaz, 146 AD3d 803, 805; see CPL 470.15[6][b]; People v Delgado, 80 NY2d 780). Here, however, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court