People v Scarlett (2019 NY Slip Op 07617)





People v Scarlett


2019 NY Slip Op 07617


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-11479
 (Ind. No. 9332/15)

[*1]The People of the State of New York, respondent,
v
Dashawn Scarlett, appellant.


Paul Skip Laisure, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (James P. Sullivan, J.), imposed June 14, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
As the People concede, since the defendant was not informed of the maximum sentence that could be imposed if he failed to comply with a condition of his plea agreement, his general waiver of his right to appeal, given at the time of the plea, did not encompass his claim that the enhanced sentence was excessive (see People v McNeil, 164 AD3d 608, 608; People v Glickman, 158 AD3d 725, 725). Contrary to the defendant's contention, however, the Supreme Court providently exercised its discretion in imposing a sentence greater than what had been promised based upon the defendant's violation of a condition of his plea agreement that he not be re-arrested prior to sentencing (see People v Pereyra, 169 AD3d 719, 719; People v Niselson, 167 AD3d 779, 781; People v Smith, 160 AD3d 664, 665; People v Harris, 142 AD3d 557, 557-558). "Even though the court had a right to enhance the sentence, [this Court has] broad, plenary power to modify an enhanced sentence that is harsh or excessive under the circumstances" (People v Diaz, 146 AD3d 803, 805). The enhanced sentence imposed was not harsh or excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court