People v Batista (2020 NY Slip Op 00872)





People v Batista


2020 NY Slip Op 00872


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2013-00798
 (Ind. No. 1043/11)

[*1]The People of the State of New York, respondent,
v
Angel Batista, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Sharon Y. Brodt, and Joan J. Tarbutton of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered December 18, 2012, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of the right to appeal was invalid (see People v Wilkinson, 176 AD3d 879, 880; People v Martin, 162 AD3d 793, 793). Under the circumstances, the record does not demonstrate that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v De La Rosa, 148 AD3d 927).
We agree with the Supreme Court's determination denying those branches of the defendant's omnibus motion which were to suppress the weapons recovered from his vehicle and his statements made to police during a traffic stop based upon a traffic infraction (see Vehicle and Traffic Law § 1163; People v Watson, 163 AD3d 855, 857; People v Diaz, 146 AD3d 803, 804; People v Davis, 103 AD3d 810, 811; People v Glover, 84 AD3d 977, 978). There is no support for the defendant's contentions that the police officers' testimony was incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v Sarkodie, 172 AD3d 909, 910).
The defendant's contention that the Supreme Court erred in imposing an enhanced sentence is unpreserved for appellate review, as the defendant neither objected to the enhanced sentence on the ground that it was greater than the sentence originally promised nor moved to vacate his plea (see CPL 470.05[2]; People v Perkins, 169 AD3d 936; People v Martin, 151 AD3d 753; People v Carrasquillo, 133 AD3d 774). In any event, we agree with the court's determination imposing the enhanced sentence (see People v Neilson, 167 AD3d 780, 781; People v Smith, 160 AD3d 664, 665; People v Harris, 142 AD3d 557, 557; People v Grant, 122 AD3d 767, 767). The [*2]court specifically conditioned the sentence originally promised on the defendant refraining from engaging in further criminal activity, and warned that any future arrests could result in a harsher sentence. Nevertheless, the defendant subsequently was arrested and charged with new crimes to which he pleaded guilty prior to sentencing in this case. Under the circumstances, the court was not bound by its original promise (see People v Neilson, 167 AD3d at 781; People v Smith, 160 AD3d 664, 665; People v Harris, 142 AD3d at 557). Further, the enhanced sentence was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court