People v Patterson (2021 NY Slip Op 06631)





People v Patterson


2021 NY Slip Op 06631


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-06405
 (Ind. No. 18-00426)

[*1]The People of the State of New York, respondent,
v
Franiqua Patterson, appellant.


Geoffrey E. Chanin, Goshen, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered January 31, 2019, convicting her of sex trafficking (two counts), upon her plea of guilty, and sentencing her to two concurrent determinate terms of imprisonment of 12 years, to be followed by 20 years of postrelease supervision.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from two concurrent determinate terms of imprisonment of 12 years, to be followed by 20 years of postrelease supervision, to two concurrent determinate terms of imprisonment of 12 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant's challenge to the imposition of an enhanced sentence is unpreserved for appellate review, since she withdrew her motion to vacate the plea on this ground and did not otherwise object to the imposition of the enhanced sentence (see People v Andre, 168 AD3d 757, 757; People v Martin, 151 AD3d 753, 753). In any event, under the circumstances of this case, the County Court was not bound by the original plea agreement, and had the right to impose an enhanced sentence (see People v Hicks, 98 NY2d 185; People v Diaz, 146 AD3d 803, 805; People v Harris, 142 AD3d 557, 558).
Even though the County Court had the right to impose an enhanced sentence, this Court has "broad, plenary power to modify an enhanced sentence that is harsh or excessive under the circumstances" (People v Diaz, 146 AD3d at 805; see CPL 470.15[6][b]; People v Delgado, 80 NY2d 780, 783). Here, we find that the court's imposition of an enhanced sentence of 20 years of postrelease supervision on each count rendered the sentence imposed excessive (see People v Suitte, 90 AD2d 80). Accordingly, we modify the sentence to reduce the period of postrelease supervision on each count to 5 years as was promised in the original plea agreement.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court